UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| RODERICK WHEELER, | ) | |
| | ) | |
| Movant, | ) | |
| | ) | |
| v. | ) | No. 1:16-CV-242 SNLJ |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent, | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on the motion of Roderick Wheeler to vacate, set aside, or correct sentence under 28 U.S.C. § 2255. The motion is denied.

Movant argues that he is entitled to relief under *Johnson v. United States*, 135 S.Ct. 2551 (2015), in which the Court held that the "residual clause" of the Armed Career Criminal Act ("the ACCA"), 18 U.S.C. § 924(e)(2)(B)(ii), is unconstitutionally vague. The ACCA enhances the punishment for firearms offenses under 18 U.S.C. § 922(g) when the defendant has at least three prior convictions for a serious drug offense or a "violent felony." The term "violent felony" is defined in the ACCA as felony offense that "(1) has as an element the use, attempted use, or threatened use of physical force against the person of another, or (ii) is burglary, arson, or extortion, involves the use of explosives, or *otherwise involves conduct that presents a serious potential risk of physical injury to another*." 18 U.S.C. § 924(e)(B) (emphasis added). The "otherwise involves" language of the ACCA is the residual clause that the Supreme Court found unconstitutional. *Johnson*, 135 S.Ct. at 2563.

Movant pled guilty to a controlled substance offense, felon in possession of a firearm, and a possession of a firearm in furtherance of a drug trafficking crime. The Court sentenced

movant to 78 months' imprisonment and 3 years' supervised release. *United States v. Wheeler*, No. 1:15-CR-104 SNLJ (E.D. Mo.).

In determining movant's sentence, the Court reviewed the United States Sentencing Guidelines § 2K2.1 for offenses occurring under 18 U.S.C. § 922(g)(1). As movant committed the instant offenses subsequent to sustaining one state felony conviction for a controlled substance offense, *see State v. Wheeler*, Case No. 14DU-CR00920-01 (35th Judicial Circuit, Dunklin County Court), movant's base offense level started at 20.[1] Movant did not receive a Chapter 4 enhancement for any other prior state criminal sentences, and he was not sentenced under the Armed Career Criminal Act. Because the Court did not enhance his sentence under the ACCA or Chapter Four, and his prior criminal convictions were not "crimes of violence," *Johnson* does not provide him with relief. As a result, the motion is denied.

Finally, Movant has failed to make a substantial showing of the denial of a constitutional right, which requires a demonstration "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right." *Khaimov v. Crist*, 297 F.3d 783, 785 (8th Cir. 2002) (quotation omitted). Thus, the Court will not issue a Certificate of Appealability. 28 U.S.C. § 2253(c).

Accordingly,

---

[1] Movant's sentence was not enhanced by a "crime of violence," but instead, his base offense level started higher because of a prior substance abuse conviction. Thus, the holdings in *Johnson* and *Mathis v. United States*, 136 S.Ct. 2243, 2249 (2016) cannot be used to provide movant relief in this case. Additionally, movant's citation to the Supreme Court case of *Molina-Martinez v. United States*, 136 S.Ct. 1338 (2016), for the supposition that it offers him some relief in this instance is simply incorrect. In *Molina-Martinez*, the Supreme Court held that a defendant sentenced under an incorrect Guideline range should be able to rely on that fact to show a reasonable probability that the district court would have imposed a different sentence under the correct range. 136 S.Ct. at 1349. Movant has not been sentenced under an incorrect Guideline range. Accordingly, *Molina-Martinez* does not apply.

**IT IS HEREBY ORDERED** that the motion to vacate is **DENIED**, and this action is **DISMISSED**.

**IT IS FURTHER ORDERED** that the Court will not issue a Certificate of Appealability.

Dated this 10th day of November, 2016.

_____
STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE